# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2014

Lyle W. Cayce
Clerk

No. 13-60733
Summary Calendar

EDUARDO FLORENCIO ZAPETA-CANASTUJ, also known as Jorge Moralez-Mendoza,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 592 438

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eduardo Florencio Zapeta-Canastuj (Zapeta), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Zapeta—who claims to be of indigenous

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60733

Mayan descent, namely, the Quiché ethnic population—sought relief on the basis of mistreatment he allegedly suffered in Guatemala at the hands of gang members, as well as the family of a former girlfriend (the Cifuentes family).

With respect to the denial of asylum and withholding of removal, Zapeta challenges the determination that the complained-of acts did not rise to the level of past persecution. Relatedly, he argues that the BIA and the IJ erred in mischaracterizing an incident in which he was stabbed with a broken bottle and in finding that he could not identify his assailants. He also challenges the determination that he did not establish the requisite nexus between his persecution and a protected ground, namely, his Quiché race and/or nationality and his articulated particular social group consisting of young Quiché males in his rural community. Further, Zapeta contends that his past persecution establishes a presumption of his well-founded fear of persecution, which the Government did not rebut, and that the substantial evidence supports his well-founded fear of persecution if returned to Guatemala. Additionally, he contends that the BIA erred by finding that any error on the part of the IJ in applying an incorrect standard to his asylum claim was harmless.

We review the decision of the BIA and will consider the underlying decision of the IJ only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Questions of law are reviewed de novo, and factual findings are reviewed for substantial evidence. *Id.* Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence compels it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). Among the findings that we review for substantial evidence are factual conclusions that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Id.*

No. 13-60733

An alien seeking asylum must demonstrate past persecution or a well-founded fear of persecution because of one of five protected grounds, including race, nationality, and membership in a particular social group. 8 U.S.C. §§ 1158(b)(1)(A), (B)(i), and 1101(a)(42)(A).  He must show that the protected ground "was or will be *at least one central reason* for persecuting" him. § 1158(b)(1)(B)(i) (emphasis added).  In his petition, Zapeta contends that the evidence establishes that the "fundamental reason," or at least a central reason, that the gangs targeted their victims, including Zapeta, was because of their Quiché ethnicity and that the gang members' attempt to recruit him was "incidental" to the mistreatments he suffered.  He argues that, in reaching a contrary conclusion, the BIA and the IJ failed to fully consider his ethnicity.

The determination that Zapeta failed to show that any persecution by the gangs was or will be "on account of" his status as a Quiché is supported by the record and is substantially reasonable. *See Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).  Zapeta's own testimony and his expert's testimony establish that the gangs acted tenaciously in their pursuit of persons whom they viewed as vulnerable or valuable to the gang, regardless of their indigenous or non-indigenous status, and that the gangs retaliated against anyone perceived to be in opposition to them.  Further, contrary to Zapeta's assertions, nothing in the documentary evidence indicates that there exists a unique problem between criminal gangs and any particular race, nationality, or group of indigenous persons.  Accordingly, because he has not demonstrated that any protected ground was or will be a central reason for the alleged persecution, Zapeta has not demonstrated that the BIA and the IJ erred in denying asylum.

Zapeta, who is represented by counsel, does not adequately brief the denial of his asylum claim as it pertains to alleged persecution by the Cifuentes

family. This issue therefore is deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Further, Zapeta has not shown that the BIA erred in determining that the IJ's single reference to the "more likely than not" standard of proof in discussing the issue of a well-founded fear of persecution was a harmless error. *Cf. United States v. Mikhail*, 115 F.3d 299, 305-07 (5th Cir. 1997).

Having failed to satisfy the requirements for asylum, Zapeta has also failed to satisfy the requirements for withholding of removal under the Immigration and Nationality Act. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, Zapeta challenges the denial of his request for CAT protection. An alien seeking relief under the CAT must show that it is more likely than not that he would be tortured upon return to his home country. *Zhang*, 432 F.3d at 344-45. Zapeta asserts that, if he is returned to Guatemala, he will be subject to torture by gang members and that Guatemalan authorities maintain willful blindness to the actions of gangs and are unable to control them. We conclude, however, that the evidence does not compel a finding that Guatemalan officials will acquiesce to or be willingly blind to any acts of torture. The fact that officials try, but are unsuccessful, in their efforts to combat criminal elements does not satisfy this standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1142-43 (5th Cir. 2006).

The petition for review is DENIED.